| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Janet L. Poletto, Esq.<br>HARDIN, KUNDLA, MCKEON & POLETTO<br>COUNSELLORS AT LAW<br>A PROFESSIONAL CORPORATION<br>673 MORRIS AVENUE<br>SPRINGFIELD, NEW JERSEY 07081<br>(973) 912-5222<br><br>TIMOTHY P. NEUMANN, ESQ. [TN6429]<br>Broege, Neumann, Fischer & Shaver, LLC<br>25 Abe Voorhees Drive<br>Manasquan, New Jersey 08736<br>(732) 223-8484<br><br>*Attorneys for Defendants, Frank J. Dupignac, Jr., Esq., Hiering, Dupignac, Stanzione, Dunn & Beck* | |
| In Re:<br><br>ERIC JOHANSEN and DANIELLE JOHANSEN,<br><br>    Debtors. | Case No.: 10-24893-MBK<br><br>Chapter 7 |
| ERIC JOHANSEN and DANIELLE JOHANSEN, his wife,<br><br>    Plaintiffs,<br><br>    -vs-<br><br>FRANK J. DUPIGNAC, JR., ESQ.<br>HIERING, DUPIGNAC, STANZIONE, DUNN & BECK, JOHN DOES # 1-5 (unknown attorneys),<br><br>    Defendants. | **ON REMOVAL FROM:**<br><br>SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>Docket No. MID-L-352-14<br><br>Civil Action |

## NOTICE OF REMOVAL OF NEW JERSEY SUPERIOR COURT ACTION TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

TO: THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1452, the Standing Order of the United States District Court for the District of New Jersey entered July 23, 1984, Federal Rules of Bankruptcy Procedure 9027 and the United States Bankruptcy Court for the District of New Jersey Notice to the Bar Regarding the Filing of a Notice of Removal Dated August 7, 2007, Frank J. Dupignac, Jr., Esq. and Hiering, Dupignac, Stanzione, Dunn & Beck ("**Attorney Dupignac and his firm**"), Co-Defendants in the above-referenced pending civil action that is the subject of this Notice of Removal, by and through Attorney Dupignac's and his firm's undersigned attorneys,

**HEREBY REMOVES** the above-referenced civil action styled, *Eric Johansen and Danielle Johansen, his wife v. Frank J. Dupignac, Jr., Esq., Hiering, Dupignac, Stanzione, Dunn & Beck, John Does #1-5 (unknown attorneys)*, filed on January 21, 2014 in the Superior Court of New Jersey and pending under Docket No. MID-L-352-14 (referred to herein as the "**Pending Action**") to the United States Bankruptcy Court for the District of New Jersey.

In connection with this Notice of Removal, Attorney Dupignac and his firm, by and through their attorneys, makes the following averments:

1. On May 1, 2010 (the "**Bankruptcy Filing Date**"), the Debtors filed a voluntary petition in bankruptcy petition under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. 101 *et seq*) in the United States Bankruptcy Court for the District of New Jersey and was assigned case number 10-24893-MBK (the "**Bankruptcy Case**").

2. Theodore Liscinski, Jr. was appointed the Chapter 7 trustee ("Trustee").

3. The schedules which were filed by the Debtors in their bankruptcy case listed general unsecured creditors' claims totaling $106,397.57 and assets of $678,287.23.

4. In a previous action in the Superior Court of New Jersey styled *Eric Johansen and Danielle Johansen v. Larry's Belly Filler, ABC, Inc. d/b/a Larry's Belly Filler, John Doe 1-3 t/a Larry's Belly Filler and XYZ d/b/a Larry's Belly Filler*, Docket Number MON-L-2770-07 (the "**Personal Injury Action**"), Attorney Dupignac and his firm (Defendants in the Pending Action) filed a personal injury case for injuries sustained by Eric Johansen (Debtor in the Bankruptcy Case) at a restaurant in Philadelphia, PA in July of 2006.

5. Ultimately, a $280,000 default judgment was issued in the Personal Injury Action.

6. In the subsequent Bankruptcy Case, on schedule B, Debtors listed a "Final Judgment entered in the sum of $280,000.00 in favor of Plaintiff. (default Judgment) Not likely collectible. Worker Comp Injury, 3rd party claim, however the defendant has no liability (sic) insurance." Further, on schedule C, Debtors claimed an exemption of $43,250.00 from the $280,000 default judgment.

7. A Trustee's Report of No Distribution was signed on August 6, 2010 and the Bankruptcy Case was closed with no assets distributed.

8. In January 2014, Debtors filed the Pending Action raising malpractice claims against Attorney Dupignac and his firm for their pre-petition conduct in handling the Personal Injury Action seeking to recover the $280,000 default judgment listed in their Bankruptcy Case as damages.

9. The Debtors did not disclose the claims asserted in the Pending Action in their bankruptcy schedules.

10. On October 23, 2015, the Trustee filed a motion for an order reopening the Bankruptcy Case

upon learning of the Pending Action and the potential for assets after the Bankruptcy Case had originally been closed with no assets distributed.

11. On November 23, 2015, an Order was entered in the Bankruptcy Case granting the Motion to Reopen filed by the Trustee.

12. On December 1, 2015, Theodore Liscinski, Jr. was once again appointed Trustee of the Bankruptcy Case.

13. A Notice of Assets and Request for Notice to Creditors was filed by the Trustee in the Bankruptcy Case on December 8, 2015 with proofs of claim due by March 7, 2016.

14. Given the reopening of the Bankruptcy Case and the fact that the Pending Action concerns the prepetition conduct of Attorney Dupignac and his firm, the Pending Action should be litigated for the benefit of the bankruptcy estate – not Plaintiffs/Debtors Eric and Danielle Johansen.

15. Removal is based upon the jurisdiction of this Court over civil actions, pursuant to 28 U.S.C. § 1334 as to cases and civil proceedings arising under Title 11 of the United States Code (the "Bankruptcy Code"), arising in or related to cases under the Bankruptcy Code. See, 28 U.S.C. § 1334(a) and (b). By virtue of this jurisdictional authority, the Pending Action may be removed to this Court pursuant to 28 U.S.C. § 1452.

16. The Action involves matters under 28 U.S.C. § 157(b)(2), including, but not limited to, "matters concerning the administration of the estate" and "allowance or disallowance of claims against the estate or exemptions from property of the estate." 28 U.S.C. § 157(b)(2)(A) and (B).

17. The Pending Action should benefit all creditors and parties in interest.

18. Plaintiffs have also filed a motion for partial summary judgment in the Pending Action

<mark>

</mark>

seeking, in part, a ruling that the damages suffered by Plaintiffs as a result of the alleged malpractice by Attorney Dupignac and his firm be set in the amount of $280,000 plus attorneys' costs and fees.

19. Attorney Dupignac and his firm have filed Opposition to Plaintiffs' motion for summary judgment and a cross-motion for summary judgment to have the Pending Action dismissed arguing, *inter alia*, that any harm resulting from the alleged (and contested) malpractice of the Defendants in the Personal Injury Action runs to the bankruptcy estate which owns the Pending Action as an un-administered and un-abandoned asset of the estate so that Plaintiffs lack standing to bring the Pending Action and the Superior Court lacks subject matter jurisdiction over this matter as any claim must be adjudicated by the bankruptcy court.

20. Plaintiffs/Debtors Eric and Danielle Johansen oppose Defendants' motion to dismiss the Pending Action arguing, *inter alia*, that the issue of standing and whether or not Plaintiffs/Debtors Eric and Danielle Johansen retain the malpractice claim is not within the jurisdiction of the Superior Court as a matter that is core to title 11 under the statute. In the alternative, Plaintiffs/Debtors argue in the Pending Action that the malpractice claim against Attorney Dupignac and his firm was abandoned by the Trustee in the Bankruptcy Case.

21. The claims against Attorney Dupignac and his firm in the Pending Action are in reality property of the bankruptcy estate and should be derivatively prosecuted for the benefit of all creditors. Attorney Dupignac and his firm dispute the assertion that the malpractice claim was abandoned by the Trustee in the Bankruptcy Case as the claim was never listed by the Debtors as an asset in their original bankruptcy petition. Putting aide disputes on liability (which is contested), Attorney Dupignac and his firm also dispute that the amount of damages claimed by Plaintiffs in the Pending Action should be set at $280,000.

22. Pursuant to the Federal Rules of Bankruptcy Procedure 9027(a) and the Standing Order of the United States District Court for the District of New Jersey entered on July 23, 1984 with respect to Referral of Cases to Bankruptcy Court and the United States Bankruptcy Court for the District of New Jersey Notice to the Bar Regarding the Filing of a Notice of Removal dated August 7, 2007, this Notice of Removal is being filed with the United States Bankruptcy Court for the District of New Jersey.

23. Annexed hereto as Exhibit A is a copy of the January 21, 2014 complaint in the Pending Action.

24. Annexed hereto as Exhibit B-1 is a copy of the September 3, 2015 Motion for Partial Summary Judgment filed by Plaintiffs Eric and Danielle Johansen in the Pending Action.

25. Annexed hereto as Exhibit B-2 is a copy of the October 13, 2015 Opposition filed by Attorney Dupignac and his firm to Plaintiffs' motion for partial summary judgment in the Pending Action.

26. Annexed hereto as Exhibit B-3 is a copy of the October 13, 2015 Cross-Motion for Summary Judgment filed by Attorney Dupignac and his firm in the Pending Action.

27. Annexed hereto as Exhibit B-4 is a copy of the November 11, 2015 Reply by Plaintiffs in support of their motion for partial summary judgment and in Opposition to Defendants' cross-motion for summary judgment filed by Plaintiffs in the Pending Action.

**WHEREFORE**, Attorney Dupignac and his firm hereby remove the Pending Action pursuant to 28 U.S.C. § 1452 from the Superior Court of New Jersey to this Court, the United States Bankruptcy Court for the District of New Jersey.

Hardin, Kundla, McKeon & Poletto, P.A.

Dated: December 11, 2015         By: */s/ Janet L. Poletto*
　　　　　　　　　　　　　　　　　　　JANET L. POLETTO, ESQ.

*Attorneys for Defendants, Frank J. Dupignac, Jr., Esq., Hiering, Dupignac, Stanzione, Dunn & Beck*

Broege, Neumann, Fischer & Shaver, LLC

By:  */s/ Timothy P. Neumann, Esq.*
　　　　Timothy P. Neumann, Esq.,

*Co-Attorneys for Defendants, Frank J. Dupignac, Jr., Esq., Hiering, Dupignac, Stanzione, Dunn & Beck*