**Levinson Axelrod, P.A.**
2 Lincoln Highway
P.O. Box 2905
Edison, New Jersey 08818
(732) 494-2727
Attorneys for Plaintiff(s)

| | | |
|---|---|---|
| Eric Johansen and | : | SUPERIOR COURT OF NEW JERSEY |
| Danielle Johansen, his wife | : | LAW DIVISION |
| | : | MIDDLESEX COUNTY |
| Plaintiffs, | : | |
| vs. | : | DOCKET NO. MID-L-352-14 |
| | : | |
| Frank J. Dupignac, Jr., Esq., | : | Civil Action |
| Hiering, Dupignac, Stanzione, Dunn | : | |
| & Beck, | : | |
| John Does #1-5 (unknown | : | **SUMMONS** |
| attorneys), | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

**THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):**

### Frank J. Dupignac, Jr., Esq.

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and Proof of Service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written Answer or Motion and Proof of Service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (Available from the deputy clerk of the Superior Court) must accompany your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is names above. A telephone call will not protect your rights; you must file and serve and written Answer or Motion (with fee of $135.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a judgment against you for the relief Plaintiff demands,

plus interest and costs or suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Michelle M. Smith*

Michelle M. Smith
*Clerk of the Superior Court*

Date: January 30, 2014

Address of Service:     Frank J. Dupignac, Jr., Esq.
21 Cedar Drive
Toms River, NJ 08753

# Directory of Superior Court Deputy Clerk's Offices
# County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

Revised 11/14/2011, CN 10792-English (Appendix XII-A)
Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 11/2010, CN 10153-English

Page 2 of 4

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

Revised 11/14/2011, CN 10792-English (Appendix XII-A)
Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 11/2010, CN 10153-English

Page 3 of 4

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Revised 11/14/2011, CN 10792-English (Appendix XII-A)
Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 11/2010, CN 10153-English

Page 4 of 4

**Levinson Axelrod, P.A.**
2 Lincoln Highway
P.O. Box 2905
Edison, New Jersey 08818
(732) 494-2727
Attorneys for Plaintiff(s)

| | | |
|---|---|---|
| Eric Johansen and | : | SUPERIOR COURT OF NEW JERSEY |
| Danielle Johansen, his wife | : | LAW DIVISION |
| | : | MIDDLESEX COUNTY |
| Plaintiffs, | : | |
| vs. | : | DOCKET NO. MID-L-352-14 |
| | : | |
| Frank J. Dupignac, Jr., Esq., | : | Civil Action |
| Hiering, Dupignac, Stanzione, Dunn | : | |
| & Beck, | : | |
| John Does #1-5 (unknown | : | **SUMMONS** |
| attorneys), | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

**THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):**

### Frank J. Dupignac, Jr., Esq.

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and Proof of Service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written Answer or Motion and Proof of Service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (Available from the deputy clerk of the Superior Court) must accompany your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is names above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee of $135.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a judgment against you for the relief Plaintiff demands,

plus interest and costs or suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Michelle M. Smith
*Clerk of the Superior Court*

Date: January 30, 2014

Address of Service: Frank J. Dupignac, Jr., Esq.
21 Cedar Drive
Toms River, NJ 08753

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

Revised 11/14/2011, CN 10792-English (Appendix XII-A)
Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 11/2010, CN 10153-English

Page 2 of 4

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

Revised 11/14/2011, CN 10792-English (Appendix XII-A)
Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 11/2010, CN 10153-English

Page 3 of 4

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Revised 11/14/2011, CN 10792-English (Appendix XII-A)
Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 11/2010, CN 10153-English

Page 4 of 4

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS

                        DATE:    JANUARY 24, 2014
                        RE:      JOHANSEN ERIC VS DUPIGNAC JR FRANK
                        DOCKET:  MID L -000352 14

        THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

        DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

        THE PRETRIAL JUDGE ASSIGNED IS:  HON HEIDI W. CURRIER

        IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       002
AT:  (732) 519-3737 EXT 3737.

        IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
        PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:

                                ATT: ADAM L. ROTHENBERG
                                LEVINSON AXELROD P C
                                2 LINCOLN HWY
                                PO BOX 2905
                                EDISON          NJ 08818-2905
JUMUCC1

**Appendix XII-B1**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)



Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Adam L. Rothenberg, Esq. | TELEPHONE NUMBER<br>(732) 494-2727 | COUNTY OF VENUE<br>Middlesex |
| --- | --- | --- |
| FIRM NAME (if applicable)<br>Levinson Axelrod | | DOCKET NUMBER (when available)<br>MID-L- 0 3 5 2    1 4 |
| OFFICE ADDRESS<br>Levinson Plaza<br>2 Lincoln Highway, P.O. Box 2905<br>Edison, NJ 08818 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND  ☒ YES  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Eric Johansen and Danielle Johansen, his wife | CAPTION<br>Eric Johansen and Danielle Johansen vs. Frank J. Dupignac, Jr., Esq., Hiering, Dupignac, Stanzione, Dunn & Beck, et al |
| --- | --- |

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>607 | HURRICANE SANDY<br>RELATED?<br>☐ YES  ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☒ YES  ☐ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| --- | --- | --- |
| RELATED CASES PENDING?<br>☐ YES  ☒ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES  ☒ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>HARTFORD  ☐ NONE  ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☒ YES  ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☒ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS  attorney/client |
| --- | --- |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☒ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| --- | --- |
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**

RECEIVED AND FILED

2014 JAN 21  A 11: 02

CIVIL OFFICE
MIDDLESEX VICINAGE

Adam L. Rothenberg, Esq. – 031841993
Levinson Axelrod, PA
2 Lincoln Highway
P.O. Box 2905
Edison, New Jersey 08818
(732) 494-2727
Attorneys for Plaintiff(s)

|  |  |  |
|---|---|---|
| Eric Johansen and | : | SUPERIOR COURT OF NEW JERSEY |
| Danielle Johansen, his wife, | : | LAW DIVISION |
|  | : | MIDDLESEX COUNTY |
|  | : |  |
| Plaintiffs, | : |  |
| vs. | : | DOCKET NO.   MID-L- 0 3 5 2  1 4 |
|  | : |  |
| Frank J. Dupignac, Jr. Esq., | : | Civil Action |
| Hiering, Dupignac, Stanzione, Dunn | : |  |
| & Beck, | : | Legal Malpractice Complaint, |
| John Does 1-5 (unknown attorneys_ | : | Demand for Discovery and |
|  | : | Requests for Admissions |
| Defendants | : | Affidavit of Merit |
|  | : |  |

The Plaintiff, Eric Johansen and Danielle Johansen, his wife, residing at 10
Dutch Valley Road, Howell, New Jersey, complaining of the defendants, say:

### FIRST COUNT

1.    On or about July 15, 2006, plaintiff was in the course of his
employment with Canada Dry of Delaware Valley when he fell, injuring his knee,
while delivering beverages to a restaurant in Philadelphia.

2. Due to plaintiff Eric Johansen's injuries, plaintiffs Eric and Danielle Johansen retained the firm of Hiering, Dupignac, Stanzione, Dunn & Beck to represent them for a third party claims arising from the accident of July 15, 2006.

3. Whereby the attorneys for plaintiff Eric Johansen and plaintiff Danielle Johansen, defendants Frank J. Dupignac, Jr. Esq., Richard D. Stanzione, Esq., and Hiering, Dupignac, Stanzione, Dunn & Beck had an obligation and duty to perform proper investigation and pursue those parties and individuals responsible for the accident occurring on July 15, 2006.

4. The accident occurred on property located at 2459 N. 54th Street, Philadelphia, PA which was owned by Elebah Mohamed since 2004 and operated as Larry's Steaks since 1956.

5. Larry's Famous Steaks, Inc. which operates at the location was incorporated in 1997 or prior in the State of Pennsylvania.

6. Defendants filed suit on or about June 7, 2007, against Larry's Belly Filler and a fictitious corporation D/B/A as Larry's Belly Filler on behalf of the plaintiffs in this matter.

7. Larry' Belly Filler is not a registered business or corporation in the State of New Jersey or State of Pennsylvania.

8. Defendants Hiering, Dupignac, Stanzione, Dunn & Beck and Frank Dupignac, Jr. proceeded to default judgment against Larry's Belly Filler on or about June 11, 2008

9. Larry's Belly Filler was not the proper name or entity to proceed

against for claims arising from the fall on July 15, 2006.

10. Defendants never named Elebah Mohamed or Larry's Famous Steaks, Inc as defendants in the action on behalf of the plaintiffs.

11. Defendants Hiering, Dupignac, Stanzione, Dunn & Beck and Frank Dupignac, Jr. failed to discover or amend the pleadings to implead the proper defendants prior to the running of the statute of limitations on July 15, 2008.

12. A simple investigation of the property and/or address would have revealed the ownership of the property and/or the name of the restaurant where the accident occurred.

13. The Statute of Limitations for that claim ran on July 15, 2008 in the State of New Jersey. As a direct result of the actions of defendants Hiering, Dupignac, Stanzione, Dunn & Beck and Frank Dupignac, Jr. plaintiffs were foreclosed from recovery from the actual tortfeasor(s) and to collect damages from those parties.

14. Defendants were negligent, careless and deviated from accepted standards of practice in the field of law by failing to correctly name the proper parties in the complaint, failing to perform an adequate investigation, failing to obtain service and obtaining a judgment against a fictional entity.

15. As a direct and proximate consequence of defendants' deviation from accepted practice in the field of law, plaintiff was caused to suffer diminishment of his cause of action and he has been caused to sustain monetary loss and damages as a consequence of the failure to diligently pursue his cause of action and was deprived of full compensation for his injuries and damages

16.     Damages for the injuries arising from this accident are $280,000 plus interest and are a liquidated amount established by defendants Hiering, Dupignac, Stanzione, Dunn & Beck and Frank Dupignac, Jr.

17.     Defendants filed and certified the judgment with the state of New Jersey

18.     Defendants Hiering, Dupignac, Stanzione, Dunn & Beck and Frank Dupignac, Jr., attempted to collect on the judgment but were rebuffed as the foreign judgment in New Jersey could not be executed on a fictitious and/or incorrectly named defendant.

19.     Plaintiffs seek compensatory damages as a consequence of defendants' legal malpractice.

WHEREFORE, the plaintiff, Eric Johansen and Danielle Johansen, his wife, demands judgment on this Count, together with compensatory damages, counsel fees, costs and interest.

## SECOND COUNT

1.     Plaintiff, Eric Johansen repeats and re-alleges the allegations of the First Count as if more fully set forth at length herein.

2.     Plaintiff was represented by John Does 1-5 (unknown attorneys) and ABC Firms 1-5 (unknown law firms) regarding the accident of July 15, 2006.

3.     Due to the negligent, carelessness and deviations from accepted practice in the field of law of defendant John Does 1-5 and ABC Firms 1-5, plaintiff was caused to suffer loss of his rights to maintain a cause of action for his accident of July 15, 2006 by their acts and failure to act.

4. As a direct and proximate consequence of the defendants' negligence, plaintiff was caused to be deprived of his right to Trial and to obtain full compensation for his injuries and damages.

5. Plaintiff seeks compensatory damages as a consequence of the defendants' legal malpractice.

WHEREFORE, plaintiffw, Eric Johansen and Danielle Johansen, demand judgment together with compensatory damages, counsel fees, costs and interest.

## COUNT THREE – UNJUST ENRICHMENT

1. Plaintiff, Eric Johansen and Danielle Johansen repeats and re-alleges the allegations of the prior Counts as if more fully set forth at length herein.

2. Defendants Hiering, Dupignac, Stanzione, Dunn & Beck and Frank Dupignac, Jr. represented the plaintiff Eric Johansen in Worker's compensation court

3. Defendants received fees for services for that representation while committing malpractice.

4. Defendants Hiering, Dupignac, Stanzione, Dunn & Beck and Frank Dupignac, Jr. were unjustly enriched by receiving attorneys fees while committing malpractice.

5. Equity and the law require disgorgement of the fees to those who paid them.

WHEREFORE, plaintiffs, Eric Johansen and Danielle Johansen, demand judgment together with compensatory damages, counsel fees, costs and interest.

## COUNT FOUR – PUNITIVE DAMAGES

1.     Plaintiffs, Eric Johansen and Danielle Johansen repeat and re-allege the allegations of the prior Counts as if more fully set forth at length herein.

2.     Defendants Hiering, Dupignac, Stanzione, Dunn & Beck and Frank Dupignac, Jr. became aware of the malpractice committed by April 26, 2009.

3.     Defendants Hiering, Dupignac, Stanzione, Dunn & Beck and Frank Dupignac, Jr. failed to disclose the malpractice.

4.     Defendants Hiering, Dupignac, Stanzione, Dunn & Beck and Frank Dupignac, Jr. misrepresented the facts and law, and told the plaintiffs that the company was no longer in existence which was why they could not collect on the judgment.

5.     Defendants Hiering, Dupignac, Stanzione, Dunn & Beck and Frank Dupignac, Jr. deliberately and intentionally failed to reveal the malpractice.

6.     Defendants Hiering, Dupignac, Stanzione, Dunn & Beck and Frank Dupignac, Jr. misrepresentations were willful, wanton and expected to cause harm.

7.     Pursuant to the terms of the Punitive Damages Act, plaintiffs demands not only compensatory damages, but also punitive damages.

WHEREFORE, plaintiffs, Eric Johansen and Danielle Johansen, demand judgment together with compensatory damages, counsel fees, costs and interest.

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

PLEASE TAKE NOTICE that pursuant to R.4:17, the plaintiff(s) require of all defendant(s), Answers, Under Oath, To Uniform Interrogatories Form C

Interrogatories as set forth in Appendix II of The Rules of Court within the time prescribed by The Rules of Court.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-1, the plaintiff hereby demands that the defendant produce the following documentation within forty-five (45) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1.     All Writings identified or referred to in your answers to the foregoing interrogatories.

2.     All Writings utilized, consulted or otherwise relied upon by you in preparing your answers to the foregoing interrogatories.

3.     All files created or maintained by defendant in connection the representation of plaintiff.

4.     Any and all agreements and correspondence between plaintiff and defendant.

5.     All Writings which pertain, refer, or relate to this lawsuit.

6.     Any and all statements, correspondence, memoranda, writings, or other documents prepares by the defendant attorney and/or any other attorney, employee, agent, or representative of the defendant law concerning the claim of plaintiff.

7.     Any tape recordings of conversations with the plaintiff.

8.    Any writing, document, or tangible thing, including visual aids and blow-ups, which you prepared for use in the underlying lawsuit.

9.    A copy of the plaintiffs' retainer agreement.

10.    The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies.  For each such policy of insurance, supply a copy of the declaration page therefrom.

11.    Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

12.    Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

13.    Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

14.    Copies of any and all documentation, including but not limited to statutes, rules, regulations, books, and/or industry standards which refer to,

reflect or otherwise relate to the incident in question or any potential defense to the action in question.

15. Copies of any and all discovery received from any other parties to the action in question.

16. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

17. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

18. Copies of all attorney's notes regarding this file.

19. Copies of all attorney's correspondence regarding this file.

20. Copies of all correspondence to anyone concerning the representation at any time up to suit.

21. Copies of any brochures or other media distributed to plaintiff regarding defendants' services.

22. Copies of all documents demonstrating any relationship between any defendant and Frank J. Dupignac, Jr., Esq. and the law firm of Hiering, Dupignac, Stanzione & Dunn, P.C.

23. Copies of any partnership or employment agreement between any of the defendants existing between July 15, 2006 and July 15, 2008..

24. Copies of any Complaints alleging legal malpractice filed against

William T. Hiering, Esq., Frank J. Dupignac, Jr., Esq., Richard D. Stanzione, Esq., Lynn A. Dunn, Esq., James M. Havey, Esq., Lowell A. Berg, Esq. and Michael R. Beck.

25. Copies of curriculum vitae of each defendant and individual defendant.

26. Copies of any and all corporate or firm organization documents of each such defendant.

27. List of attorneys who you or your firm would refer third party cases to during the period you represented plaintiff.

28. List of any and all CLE attended by individuals defendants from 2000-2009.

29. Copies of any documents or things of any kind which show the qualifications of Frank J. Dupignac, Jr., Esq.

## REQUESTS FOR ADMISSIONS

1. Defendants never informed Eric Johansen that Larry's Belly Filler was not a legal entity.

ADMIT [　]        DENY [　]

2. Defendants advised Plaintiff that they failed to implead the proper legal party in a claim arising out of the accident of July 15, 2006.

ADMIT [　]        DENY [　]

3. Defendants did not advise Plaintiff, Eric Johansen, that Larry's Belly Filler was not the proper legal entity for the claim arising out of the accident of July 15, 2016.

ADMIT [  ]          DENY [  ]

4.    Defendants performed no investigation concerning the ownership of the property at 2459 North 54th Street, Philadelphia, Pennsylvania prior to the running of the Statute of Limitations.

ADMIT [  ]          DENY [  ]

5.    Defendants relied up the invoice from Canada Dry indicating the customer was Larry's Belly Filler at 2459 North 54th Street, Philadelphia, Pennsylvania that was involved in the accident of July 15, 2006.

ADMIT [  ]          DENY [  ]

6.    Defendants made no attempt to determine the proper corporate entity for the trade name Larry's Belly Filler prior to the expiration of the Statute of Limitations on July 15, 2008.

ADMIT [  ]          DENY [  ]

7.    Damages for Eric Johansen and Danielle Johansen arising from the accident of July 15, 2006 were proven at a proof hearing where Plaintiffs were represented by the Defendants.

ADMIT [  ]          DENY [  ]

8.    All information concerning the scope of damages and the extent of damages presented at the proof hearing were true to the best of the Defendants knowledge.

ADMIT [  ]          DENY [  ]

9.    The proof hearing conducted on behalf of Eric Johansen and Danielle Johansen resulted in a judgment in the amount of $280,000.00.

ADMIT [  ]          DENY [  ]

10.     Damages suffered by Eric Johansen and Danielle Johansen as a result of the accident of July 15, 2006 was $28,000.00.

ADMIT [  ]          DENY [  ]

11.     Defendants attempted to collect the judgment in the Commonwealth of Pennsylvania.

ADMIT [  ]          DENY [  ]

12.     Defendants represented to an attorney in the Commonwealth of Pennsylvania hired on their behalf that the judgment was valid and should be collected.

ADMIT [  ]          DENY [  ]

13.     The judgment was not collected because Defendants did not name the proper corporate entity who was responsible for Plaintiffs damages.

ADMIT [  ]          DENY [  ]

14.     In April of 2009 Defendants were informed that there was no corporate entity in the Commonwealth of Pennsylvania called Larry's Belly Filler.

ADMIT [  ]          DENY [  ]

15.     In April of 2009 Defendants learned that the entity operating the restaurant at 2459 North 54th Street, Philadelphia, Pennsylvania was Larry's Steak and Hoagies Incorporated.

ADMIT [  ]          DENY [  ]

16.     In April of 2009 Defendants learned that the entity operating the restaurant at 2459 North 54th Street, Philadelphia, Pennsylvania was Larry's

Steaks Incorporated.

ADMIT [　]      DENY [　]

17.　Defendants were obligated to determine the appropriate defendant a bring a suit for damages.

ADMIT [　]      DENY [　]

18.　Defendants never identified Larry's Steaks and Hoagies, Incorporated as the proper defendant prior to the expiration of the Statute of Limitations.

ADMIT [　]      DENY [　]

19.　Defendants never hired a private investigator prior to the expiration of the Statute of Limitations to determine ownership of the location where the accident occurred.

ADMIT [　]      DENY [　]

20.　Defendants never hired a private investigator to determine the ownership of the restaurant operating at the location prior to the expiration of the Statute of Limitations.

ADMIT [　]      DENY [　]

21.　Defendants did not perform any type of corporate look up for the owner of the property or restaurant prior to the expiration of the Statute of Limitations.

ADMIT [　]      DENY [　]

22.　Defendants never checked the internet for the ownership of the restaurant where Plaintiff's accident occurred on July 15, 2006 prior to the

expiration of the Statute of Limitations.

ADMIT [   ]       DENY [   ]

23. Defendant Frank Dupignac, Jr. told Eric Johansen the reason the judgment was not collectable was because the company had gone out of business.

ADMIT [   ]       DENY [   ]

24. Defendant Frank Dupignac Jr. told Danielle Johansen the reason the judgment was not collectable was because the company had gone out of business.

ADMIT [   ]       DENY [   ]

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to R. 4:25-4, Adam L. Rothenberg, is hereby designated as trial counsel in the above matter for the plaintiff.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that pursuant to R.4:35-1, the plaintiff demands a trial by jury.

## AFFIDAVIT OF MERIT

An Affidavit of Merit is being filed and served with this Complaint completed by Craig Aronow, Esq. This is annexed to this Complaint and served upon you pursuant to N.J.S.A. 2A:53-26 et seq.

## CERTIFICATION

I hereby certify that this matter is not the subject matter of any other suit presently pending in any other court or in any American Arbitration proceeding.

At this time we know of no other parties not named herein that should be joined.

LEVINSON AXELROD
Attorneys for Plaintiffs

Dated: January ___, 2014

Adam L. Rothenberg

<u>CERTIFICATION PURSUANT TO R.1:38-7b</u>

Adam L. Rothenberg, Esq. of full age, hereby certifies and says:

1.     I am an attorney-at-law of the State of New Jersey, and am an attorney in the law firm of Levinson Axelrod, P.C., attorneys for plaintiff in the above-captioned matter.

2.     To the best of my knowledge, all confidential personal identifiers have been redacted and all subsequent papers submitted to the court will not contain confidential personal identifiers in accordance with R.1:38-7b.

3.     I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, that I am subject to punishment.

LEVINSON AXELROD
Attorneys for Plaintiffs

Dated: January _16_, 2014

Adam L. Rothenberg

RECEIVED AND FILED

2014 JAN 21  A 11: 02

CIVIL OFFICE
MIDDLESEX VICINAGE

Adam L. Rothenberg, Esq. – 031841993
Levinson Axelrod, PA
2 Lincoln Highway
P.O. Box 2905
Edison, New Jersey 08818
(732) 494-2727
Attorneys for Plaintiff(s)

|  |  |
|---|---|
| Eric Johansen and<br>Danielle Johansen, his wife,<br><br>Plaintiffs,<br>vs.<br><br>Frank J. Dupignac, Jr., Esq.,<br>Hiering, Dupignac, Stanzione, Dunn<br>& Beck,<br>John Does 1-5 (unknown attorneys)<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO.  MID-L- 0 3 5 2  1 4<br><br>Civil Action<br><br>Affidavit of Merit |

Craig Aronow, Esq. of full age, being duly sworn according to law upon his oath deposes and says:

1.  I am an attorney, licensed to practice law in the State of New Jersey.

2.  I was admitted to the New Jersey bar in 1998.  I am also a Certified Civil Trial Attorney.

3.     I have no financial interest in the outcome of this case.

4.     I have reviewed the state facts and available documents concerning the representation of Eric Johansen by Frank J. Dupignac, Jr., Esq., the law firm of Hiering, Dupignac, Stanzione, Dunn & Beck and John Does 1-5 (unknown attorneys representing plaintiff).

5.     In my opinion, there exists a reasonable probability that the legal services rendered to Eric Johansen by Frank J. Dupignac, Jr., Esq., the law firm of Hiering, Dupignac, Stanzione, Dunn & Beck and John Does 1-5 (unknown attorneys representing plaintiff, which is the subject of the matter set forth above, fell outside accepted standard of legal practice and were deviations from those practices.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Craig Aronow, Esq.

Sworn and subscribed to before me
this _15th_ day of _January_, 20_14_.

_____
Notary Public          NYREE BENITEZ
                       NOTARY PUBLIC OF NEW JERSEY
                       My Commission Expires 9/15/2016

**IF ANY DEFENDANT HAS ANY OBJECTION TO THE SUFFICIENCY OF THIS AFFIDAVIT OF MERIT; DEMAND IS HEREBY MADE THAT THE DEFENDANT IMMEDIATELY NOTIFY THE PLAINTIFF OF ANY SUCH ALLEGED DEFICIENCIES SO THAT SAME MAY BE CORRECTED IF NECESSARY AND WITHIN THE TIME CONSTRAINT OF N.J.S.A. 2A:53A-26 ET SEQ.**